IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROSCOE CHAMBERS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. 3:18-cv-02081 |
| | ) | |
| v. | ) | Judge Alan N. Bloch / |
| | ) | Magistrate Judge Joseph F. |
| WARDEN DAVID J. EBBERT, | ) | Saporito, Jr. |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Petitioner Roscoe Chambers ("Petitioner") is serving a sentence of imprisonment of 360 months imposed by the United States District Court for the Southern District of Iowa. See United States v. Chambers, No. 3:12-cr-00071 (S.D. Iowa May 17, 2013), aff'd per curiam, 554 Fed. Appx. 539 (8th Cir. 2014), cert. denied, 135 S. Ct. 1018 (2015). He is currently serving this sentence at USP Lewisburg, in Union County, Pennsylvania, and was located at that facility when he filed the instant habeas corpus petition with this court in the above-captioned matter on October 25, 2018. The case was assigned to United States District Judge Robert D. Mariani and referred to United States Magistrate Judge Joseph F. Saporito, Jr., in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1). The matter was subsequently reassigned from Judge Mariani to the undersigned.

Magistrate Judge Saporito's Report and Recommendation (Doc. No. 9), filed on November 20, 2018, recommended that Petitioner's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2244 ("Habeas Petition"), be dismissed without prejudice to Petitioner's right

to file a motion pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence he is now serving, subject to the pre-authorization requirements of Sections 2244 and 2255(h), as they may apply. In so recommending, Judge Saporito explained that Petitioner's Habeas Petition did not address the execution of his sentence, but rather its validity, emphasizing that Petitioner's arguments went to the sentencing court's jurisdiction and the application of the United States Sentencing Guidelines in regard to his sentence at Case No. 3:12-cr-00071. Judge Saporito further discussed that Petitioner had previously attempted to challenge his conviction and sentence in the Southern District of Iowa under Section 2255 and that these attempts had been unsuccessful. Petitioner was informed that he could file objections to the Report, and he did file objections and a brief in support thereof on December 7, 2018. (Doc. Nos. 11 and 12).

Nothing in those objections and brief merits rejection of the Report or extended discussion by this Court. Indeed, Petitioner only further demonstrates that the Habeas Petition in this case challenges the sentencing court's determination of sentence, and not the execution of that sentence.[1] As discussed by Judge Saporito, challenges to the validity of a federal sentence must be made pursuant to Section 2255 in the court that imposed sentence. See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001). Moreover, for the reasons set forth in the Report, Petitioner has failed to demonstrate that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence. See 28 U.S.C. § 2255(e). As Judge Saporito explained, a 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the gate keeping requirements of Section 2255. See Snype v. United States, 609 Fed. Appx. 60, 61-62 (3d Cir. 2015); Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir.

---

[1] The Court further notes that Plaintiff did, in his Habeas Petition, indicate that he was challenging the validity of his conviction and sentence as imposed. (Doc. No. 1 at 4).

2

2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997); United States v. Brooks, 230 F.3d 643, 647-48 (3d Cir. 2000). Likewise, Petitioner does not assert that he is "actually innocent" of his crimes of conviction, but rather alleges various legal and procedural defects in his conviction and sentence. Such claims do not render the remedies of Section 2255 inadequate or ineffective. See Sorrell v. Bledsoe, 437 Fed. Appx. 94, 96 (3d Cir. 2011); Galeano v. United States, Civ. No. 08-2392 (JEI), 2008 WL 2705018, at *3 (D. N.J. July 8, 2008). Since Section 2255 is not inadequate or ineffective in this case, Petitioner must seek review under that statute, which, as discussed above, requires that he seek relief in the Southern District of Iowa.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 18th day of July, 2019,

IT IS HEREBY ORDERED that the Objections are overruled and the Habeas Petition (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE to Petitioner's right to file a motion pursuant to 28 U.S.C. § 2255 in the court that imposed his instant sentence, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

IT IS FURTHER ORDERED that the Report and Recommendation (Doc. No. 9), filed on November 20, 2018, by Magistrate Judge Joseph F. Saporito, Jr., is adopted as the opinion of the Court.

BY THE COURT:

ALAN N. BLOCH
UNITED STATES DISTRICT JUDGE

ecf: Counsel of record

cc: Roscoe Chambers, Reg. No. 13495-030
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837